## William O'Neill, Appellant, v. City of Chicago, Appellee.

### Gen. No. 16,794.

1. MASTER AND SERVANT—*defective scaffold.* Where plaintiff, while putting up a cable box under a viaduct for street lighting purposes for a city defendant, was injured by the falling of a scaffold which had been defectively erected by other employees, and the plaintiff had on the previous day constructed the scaffold in the same way, except that he had placed a board under the outer leg of a ladder standing on a slanting sidewalk, the plaintiff had a right to assume that defendant had performed its duty as imposed by law and that the scaffold was reasonably safe, and he was not bound to inspect, but only to observe, its condition, and the questions as to whether such unsafe construction was simple, open and obvious to plaintiff, whether in the exercise of ordinary care he would have known of such defect, and whether he assumed the risk, are all for the jury.

2. MASTER AND SERVANT—*defective appliances.* Where it is not so clear that all reasonable minds will agree that an employee in the exercise of ordinary care, by observation, but not by inspection, would have known of a defective construction of an appliance, the question is one of fact and should be submitted to the jury.

Action in case for personal injuries. Appeal from the Superior Court of Cook county; the Hon. WILLIAM H. McSURELY, Judge, presiding. Heard in this court at the October term, 1910. Reversed and remanded. Opinion filed March 4, 1913.

MORSE IVES and SYMMES & KIRKLAND, for appellant.

EDWARD J. BRUNDAGE and JOHN R. CAVERLY, for appellee; EDWARD C. FITCH, of counsel.

MR. PRESIDING JUSTICE SMITH delivered the opinion of the court.

The appellant was a lineman working for the appellee at the time of the accident on 51st street under a railroad viaduct, putting up cable boxes and a pipe to run cable through for street lighting purposes. The appellee, by its foreman, ordered certain of the men

to put up a scaffold on the sidewalk under the viaduct. The south end of the viaduct was supported by a concrete wall. Along this wall on the south side of 51st street was a sidewalk about eight feet wide sloping downward from the wall toward the street. The scaffold was constructed by placing a plank parallel to the wall supported at the east end by an iron horse about seven feet high, and at the west end of the rung of a ladder standing on the sidewalk and the top leaning against an iron girder of the viaduct extending north and south. From the sidewalk to the bottom of the viaduct it was twelve to thirteen feet high. When the foreman ordered the scaffold built he also ordered the plaintiff "to get a box and sulphur ready to put the bolts in to put the box up on the wall," and the appellant was so engaged while the scaffold was being built, and had nothing to do with building the same. The appellant then got onto the scaffold at the east end, and while working at that end by the horse, putting the bolts in and the box up as near the bottom of the viaduct as it could be placed, the scaffold fell, injuring him.

The declaration consisted of three counts. The first alleged the negligence of appellee, in that the place furnished appellant to work was dangerous and unsafe; the second, that the appellee was negligent in that it failed to warn the appellant of the danger in doing the said work with the appliances then furnished him; the third, in negligently ordering the appellant to go upon said defective scaffold in the performance of said work.

At the close of the appellant's case the court instructed the jury to find for the appellee, and the jury so finding entered judgment on the verdict.

In the argument here the appellee does not deny that the scaffold was defectively constructed, dangerous and unsafe, but vigorously contends that the construction thereof was simple, open and obvious to the appellant, and that he assumed the risk, quoting from Ar-

mour v. Brazeau, 191 Ill. 117, as follows: "Although a servant is not required to make the critical examination of appliances which is meant by the term inspection, yet if the defect is open and obvious, so that by the exercise of ordinary care in the use of the appliance he would have knowledge of the defect, he is charged with notice thereof, since a servant cannot assume that a defect which is open to observation does not exist."

The appellant had worked at the same place the day before and had on that day constructed the scaffold in practically the same way, except he had placed a board one inch thick under the north leg of the ladder, so that it could not tip toward the street. The appellee says: "The only difference between what plaintiff had done for himself and what the master did for him was in the use of this board at the foot of the ladder. That difference was apparent to ordinary observation, and it is scarcely conceivable that plaintiff, under the circumstances clearly shown could have failed to observe the difference."

The appellant testified that he looked at the scaffold, but did not examine it and did not know of the said defect in the construction thereof, and there is no evidence to the contrary. The only question then, is whether the said defect was so open and obvious that the appellant, in the exercise of ordinary care, would have known thereof. The appellant had a right to assume that the appellee had performed the duty imposed by law and that the scaffold was reasonably safe for the performance of the work required; and there was no duty of inspection resting upon appellee, but only the duty of observation. The evidence shows that he got upon the scaffold from the east and by means of the iron horse, and there continued to work until the scaffold fell. When he got upon the scaffold it appeared firm. It also appears that when he got upon the scaffold to work, one of the men working with

him stood at the ladder holding it and so remained for about ten minutes, when he was ordered to leave the ladder and do other work, and no person took his place. The appellant was occupied in the preparation of the box, etc., while the scaffold was being constructed, and after going upon the scaffold his attention was directed to putting the said box upon the wall close up to the bottom of the viaduct. Under all the circumstances should it be held that in the exercise of ordinary care on his part he would have known of the said defective construction? It may be; but it seems to us that it is not so clear that all reasonable minds would agree. The question was one of fact that, in our opinion, should have been submitted to the jury. The judgment is accordingly reversed and the cause remanded.

*Reversed and remanded.*